

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Louis J. Rodriguez
President
Midwestern State University
Office of the President
Wichita Falls, Texas    76308

Opinion No. MW-549

Re:  Legality  of  home  run contest  held  by  state university

Dear Mr. Rodriguez:

You  have  requested  our  opinion  concerning  the  legality  of  a proposed  contest  to  be  conducted  by  Midwestern  State  University (hereinafter MSU) in cooperation with the muscular dystrophy charity in  Wichita  Falls,  Texas.  Your  proposed  "Home  Run  Hitting  Contest" would  offer  contestants  a  chance  to  win  a  $500  United  States  Savings Bond based on how many of five baseballs each contestant can hit over the  outfield  fence  in  your  baseball  field.  Each  contestant  must  pay an  entry  fee  of  at  least  $10.00.  One-half  of  the  proceeds  would  go  to the MSU baseball program and one-half to muscular dystrophy.

We  understand  that  your  main  concern  is  whether  the  proposed contest  is  permissible  under  the  state's  gambling  laws.  See  Tex. Const. art. III, §47; Penal Code §§47.01 et seq.  Before reaching this question,  however,  we  must  address  a  threshold  question:   Is Midwestern  State  University  authorized  to  cooperate  with  a  private charity in conducting a contest on university property for the purpose of  generating  revenue,  where  a  prize  will  be  offered,  and  where one-half of the proceeds will be donated to that charity?

Midwestern  State  University  is  a  state-supported  institution  of higher education.  As such, it derives its legal powers and authority from  the  Texas  legislature.  The  statutes  which  specifically  apply  to MSU  are  sections  103.01  et  seq.  of  the  Texas  Education  Code.  Those which  are  generally  applicable  to  institutions  of  higher  education, including  MSU,  are  in  various  other  places  in  the  code.  See,  e.g., Educ.  Code  §§51.101  et  seq.;  51.201  et  seq.;  55.01  et  seq.  Compare Educ.  Code §§51.001 et seq. (inapplicable to MSU).

The  board  of  regents  of  MSU  possesses  some  measure  of discretionary  authority.  For  example,  it  may  promulgate  rules  for  the safety  and  welfare  of  students,  employees,  and  property.  Educ.  Code §51.202.  It  may  issue  revenue  bonds  for  the  purposes  specified  in section  55.13  of  the  Education  Code.  It  may  accept  donations,  gifts, and  endowments  for  the  university  under  the  conditions  set  forth  in

section 103.08 of the code. Its authority is, however, not nearly as broad as that which has been conferred upon boards of regents of other state institutions of higher education, i.e., the University of Texas System. See Educ. Code §65.31; Foley v Benedict, 55 S.W.2d 805 (Tex. 1932); Attorney General Opinion MW-373 (1981). There is no counterpart, for example, to section 65.31 of the Education Code, which authorizes the board of regents of the University of Texas System to "promulgate... rules... for the operation, control, and management of the university system and the component institutions thereof as the board may deem either necessary or desirable," applicable to MSU.

You have cited no statute which explicitly or impliedly authorizes MSU to cooperate with a private charity to conduct a contest for the purposes and under the conditions which you have described. Neither has our own research disclosed any such express or implied authority. We must therefore conclude that the university is not authorized to conduct the proposed contest. Our conclusion renders it unnecessary for us to consider the legality of this contest under the gambling laws.

## S U M M A R Y

Midwestern State University lacks statutory authority to cooperate with a private charity in conducting a contest on university property for the purpose of generating revenue, where a prize will be offered, and where one-half of the proceeds will be donated to that charity.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III,
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood